# PECHMAN LAW GROUP PLLC
### ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
WWW.PECHMANLAW.COM

December 4, 2015

**VIA ECF AND FACSIMILE (212-806-6111)**

Honorable Henry Pitman
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Jorge Gutierrez v. 32 East 86th Street Restaurant Inc., et al.*, 15 Civ. 2064 (HBP)

Dear Judge Pitman:

    We represent plaintiff Jorge Gutierrez ("plaintiff") in the above-reference wage and hour action against defendants 352 East 86th Street Restaurant Inc. d/b/a Gracie's Corner Diner ("Gracie's"), T & S Restaurant LLC d/b/a Gracie's on Second ("Gracie's on Second"), Stavros Nikolakakos, and Anastaios Katsaros (collectively, "defendants"). Pursuant to Judge Broderick's Order dated October 22, 2015, we submit this letter jointly with counsel for defendants, Marc A. Lavaia of Warshaw Burnstein, LLP, to seek approval of the parties' settlement agreement.

## PROCEDURAL AND FACTUAL HISTORY

    Plaintiff commenced this action by filing a complaint on March 19, 2015 (ECF No. 1). Plaintiff asserted that he worked as a counter clerk for defendants from approximately January 2005 to June 2014. Although plaintiff worked approximately fifty hours per workweek, defendants paid plaintiff a flat weekly salary of $360. Plaintiff alleged that defendants did not provide him with accurate wage statements at the end of every pay period or with annual wage notices. Upon these facts, plaintiff claimed that defendants willfully violated the Federal Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and sought to recover unpaid minimum and overtime wages, spread-of-hours pay, and statutory damages.

    Defendants filed an Answer on June 8, 2015 (ECF No. 6), in which they generally denied violating the FLSA and NYLL. Defendants also specifically denied that Gracie's on Second is a successor employer of plaintiff or that defendants violated the overtime and minimum wage provisions of the FLSA or NYLL.

    To expedite resolution of this matter, defendants produced plaintiff's payroll records for settlement purposes. The parties engaged in a series of settlement

Hon. Henry Pitman
December 4, 2015
Page 2

negotiations from June to September 2015.  The parties appeared once before Judge Broderick for a conference and had two settlement telephone conferences with Your Honor.

On October 15, 2015, the parties appeared before Your Honor for a settlement conference.  After approximately two hours of negotiations mediated by Your Honor, the parties reached an acceptable compromise and put the terms of their settlement on the record in Your Honor's Courtroom.

## THE SETTLEMENT IS FAIR AND REASONABLE

The parties agree that the settlement is fair and reasonable and should be approved by the Court.  The proposed settlement agreement resolves bona fide disputes over sharply contested issues, including the number of hours that plaintiff worked per workweek, whether plaintiff was paid on a salary or hourly basis, and whether Gracie's on Second is a successor employer of Gracie's.  Proceeding to trial would consume significant amounts of time and resources, including the resources used to resolve this matter

The settlement agreement requires defendants to pay plaintiff $35,000.00 (the "Settlement Payment") by December 15, 2015, in one lump sum payment.  After attorneys' fees and costs, plaintiff will receive $23,046.67 of the total Settlement Payment.  In exchange for receipt of Settlement Payment, plaintiff and defendants have executed mutual general releases.  Plaintiff's attorneys will hold the general release that plaintiff executed in escrow until receipt and clearance of the Settlement Payment.

Pursuant to the retainer agreement between plaintiff and counsel, plaintiff's attorney's fees are $11,953.33, which equals 33.3% of the Settlement Payment plus reimbursements of costs.  *In re Lawrence*, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written.").  In this regard, it bears noting that plaintiff's counsel's lodestar currently exceeds $15,000.00.  We believe the contingency fee in this case is fair and reasonable, particularly as it is less than the lodestar.

We thank the Court for its time and consideration of this matter and for helping the parties settle their dispute.

Respectfully submitted,

Louis Pechman

LP/gc
cc:   Marc A. Lavaia, Esq.